IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

BRIGHTON TRUSTEES, LLC, *et al.*,
    Plaintiffs,

v.                                       Civil No. 3:20cv240 (DJN)

GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY,
    Defendants.

---

RONALD L. DAUBENMIER, *et al.*,
    Plaintiffs,

v.                                         Civil No. 3:20cv343 (DJN)

GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY,
    Defendant.

### ORDER

This matter comes before the Court on the Parties' Consent Motion to Consolidate Related Cases and Plaintiffs' Unopposed Motion to Appoint Susman Godfrey LLP Interim Lead Counsel (ECF No. 20.) On April 7, 2020, Plaintiff Brighton Trustees, LLC filed its complaint on behalf of a putative class challenging a cost of insurance increase by Defendant Genworth Life and Annuity Insurance Company ("Genworth"). On May 13, 2020, Plaintiff Ronald L. Daubenmier filed his complaint on behalf of a putative class challenging the same cost of insurance increase by Genworth.

Federal Rule of Civil Procedure 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). District courts have broad discretion under Rule 42 to consolidate cases pending in the

1

same district. *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 959 (4th Cir. 1999). In exercising this discretion, courts weigh "the specific risks of prejudice and possible confusion from consolidation" against the "risk of inconsistent adjudications, the burden on parties, witnesses, and available resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense. . . ." *Campbell v. Boston Scientific Corporation*, 882 F.3d 70, 74 (4th Cir. 2018) (internal quotations omitted).

Here, the Court finds that consolidation would not prejudice any party and that all factors weigh in favor of consolidation. Therefore, the Motion (ECF No. 20) is hereby GRANTED and Civil Action Nos. 3:20cv240 and 3:20cv343 are hereby CONSOLIDATED with the lead case being Civil Action No. 3:20cv240. Hereafter, any filings need only be filed in the lead case (the "Consolidated Action"). All documents filed to date in each of the consolidated cases are deemed a part of the record in the Consolidated Action.

Additionally, Plaintiffs request that the Court appoint Susman Godfrey LLP as interim lead counsel of the Consolidated Action. Having considered the factors in Federal Rule of Civil Procedure 23(g)(1)(A), the Court finds Susman Godfrey LLP adequate to act on behalf of the putative class until it determines whether to certify the action as a class action. Accordingly, Susman Godfrey LLP is hereby APPOINTED interim lead class counsel.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: June 30, 2020