IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

BRIGHTON TRUSTEES, LLC, *et al.*,
Plaintiffs,

v.  Civil No. 3:20cv240 (DJN)

GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY,
Defendant.

## **STIPULATED PROTECTIVE ORDER**

This matter comes before the Court on the parties' Joint Motion for Protective Order (ECF No. 37). In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, and upon the consent of the parties, the Court hereby GRANTS the Joint Motion (ECF No. 37) and hereby ORDERS as follows:

### 1. PURPOSE AND LIMITATIONS

Disclosure and discovery activity in this action, including any appeals therefrom or any alternative dispute resolution proceedings related thereto (the "Action"), are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties further acknowledge that this Protective Order does not entitle them to file

confidential information under seal; Local Civil Rule 5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. SCOPE OF THE PROTECTIVE ORDER

This Protective Order shall govern the use of Confidential Information produced during discovery in this Action. The Court shall determine how Confidential Information is to be treated at trial. All references to "Party," "Parties" or "Designating Party" throughout this Order are intended to include non-parties to this Action. This Protective Order shall also apply to any future party to the Action.

For purposes of this Order, the Party designating information, documents, materials or items as "Confidential," or asserting that testimony is "Confidential" (the "Designating Party") bears the burden of establishing the confidentiality of all such information, documents, materials or items.

## 3. DEFINITION OF "CONFIDENTIAL INFORMATION"

For purposes of this Order, "Confidential Information" shall mean the following types of documents, testimony, and information:

    (i)      information that constitutes a trade secret;

    (ii)     technical, commercial, financial, or business information previously not disclosed to the public, including, without limitation, non-public actuarial projections, analyses or studies;

    (iii)    communications with regulators, Departments of Insurance or other governmental bodies previously not disclosed to the public that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

    (iv)    information, materials, and/or other documents previously not disclosed to

the public that reflect non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party;

(v) information that constitutes confidential information under the Federal Rules of Civil Procedure and applicable laws or regulations, including U.S. or foreign privacy, data protection, or secrecy laws;

(vi) personally identifiable information of Genworth Life and Annuity InsuranceCompany ("GLAIC") policyholders; and

(vii) any other category of information hereinafter given confidential status by the Court.

Any copies or reproductions, excerpts, summaries or other documents or media that contain or incorporate Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order. Any testimony, conversations or presentations by the Parties or their Counsel that might reveal Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order.

Nothing in this protective order shall be construed as requiring either party to produce any personal or individually identifiable information, nor any other policyholder information that is protected from disclosure under applicable state or federal law, and nothing in this protective order shall be construed as waiving or limiting any rights to request or obtain production of any such information.

**4.    MARKING DOCUMENTS "CONFIDENTIAL"**

The Designating Party shall designate Confidential Information by stamping copies of any document or discovery response produced to a Party with the legend "CONFIDENTIAL."

Any such stamp or designation shall not in any manner cover up, overlap upon, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. As reasonably practicable, to the extent that a document or other material contains both Confidential Information and non-confidential information, the Designating Party shall clearly delineate the particular portions that constitute Confidential Information and the remaining portions of the document or material shall be deemed to be not Confidential. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear. Where it is not reasonably practicable to mark a document "CONFIDENTIAL," such as when a spreadsheet is produced only in its native electronic format, then the disk, file name, file location or cover letter shall clearly indicate the "CONFIDENTIAL" designation.

5.  **DESIGNATING DEPOSITIONS "CONFIDENTIAL"**

With respect to any deposition, confidential treatment may be invoked by designating specific testimony as "Confidential" on the record at the deposition, or by serving such designations within thirty (30) days after receipt of the final transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as Confidential Information for thirty (30) days following receipt of the final transcript, unless the Parties otherwise agree.

6.  **DESIGNATIONS TO BE MADE IN GOOD FAITH**

The Parties agree to limit their designation of Confidential Information solely to information that they, in good faith, believe qualifies for such designation under this Order. No Party receiving Confidential Information shall be under any obligation to object to the

designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

## 7. USE OF "CONFIDENTIAL" MATERIAL

Material designated by a Party or non-party or their counsel as Confidential Information under this Order shall be used by persons receiving it only for the purposes of the litigation or settlement of this Action.

## 8. INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIAL: NO WAIVER

At any time prior to the trial of this Action, if a Party realizes that previously undesignated documents or other material should be designated as Confidential Information, the Party may so designate by advising all other Parties in writing prior to the time objections to trial exhibits are due. The designated documents or material will thereafter be treated as Confidential Information pursuant to this Order. Upon receipt of such designation in writing, the Parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the discovery material about the protected status of the newly designated Confidential Information and to retrieve the newly designated Confidential Information from any person who is not permitted by this Order to have Confidential Information.

## 9. "QUALIFIED PERSONS"

Confidential Information may be disclosed only to the following "Qualified Persons":

a. the Court and court personnel, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury;

b.      the Parties and counsel of record for the Parties, including all partners and associate attorneys of such counsel's law firms who are assisting in this action, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the Parties in the action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

c.      litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, retained by a Party or its counsel;

d.      consulting or testifying experts, including associated personnel necessary to assist experts in the action;

e.      any person who created or authored such Confidential Information and any persons to which the Confidential Information has been previously disclosed;

f.      auditors and insurers of the Parties;

g.      any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in the Action;

h.      any persons whom counsel of record for a Party believes (i) are likely to be called to give testimony, through deposition, by declaration or by affidavit, at hearing, or at trial, on matters relating to confidential information or (ii) possess information reasonably necessary and relevant for the prosecution or defense of the action;

i.      professional jury or trial consultants, and mock jurors;

j.      any deposition and trial witnesses; and

k.  any other person pursuant to a written agreement among the Parties or by order of the Court in this Action.

## 10. EXECUTING THE NON-DISCLOSURE AGREEMENT

Each person to whom Confidential Information is disclosed, except the persons identified in 8(a), (b), (c), (e), and (g) above, shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Confidential Information. Copies of the executed Exhibit A shall be retained by any Party disclosing Confidential Information to such person, and counsel for any Party to the Action that receives Confidential Information from a Designating Party shall obtain and retain a copy of all such executed agreements pertaining to any such persons who obtain Confidential Information directly or indirectly from such Party to the Action. Counsel for the receiving Party shall be responsible for ensuring compliance by all persons to whom it provides Confidential Information directly or indirectly with the non-disclosure agreement. Counsel shall supply a copy of the executed non-disclosure agreement to other counsel upon request; provided, however that with respect to experts and consultants, counsel for the Party shall not be required to supply a copy of the non-disclosure agreement to counsel for the other Party unless and until that expert is disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure or until a declaration of that expert has been filed with the Court, whichever is sooner.

If counsel is unable to obtain an executed confidentiality agreement in the form of Exhibit A from any deposition witness, counsel shall immediately and prior to the deposition provide notice to counsel for the other Party and such Party may seek relief from the Court regarding the terms and conditions under which Confidential Information may be disclosed to the witness in the deposition. Alternatively, counsel for the Parties may agree that Confidential Information is adequately protected by such person's existing obligations to maintain the

confidentiality of such information. Nothing herein, however, shall prevent any counsel from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information. Further, no executed confidential agreement in the form of Exhibit A shall be required to show a current officer or employee of a party any Confidential Information that was disclosed by that Party, provided that such Confidential Information is reasonably necessary and relevant to eliciting the testimony of such officer or employee.

**11.     CHALLENGING "CONFIDENTIAL" DESIGNATIONS**

Documents and information designated as "Confidential" shall be treated as "Confidential Information" unless and until a challenge to the propriety of the designation is made pursuant to this paragraph or the Designating Party withdraws the designation. A Party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party or other person disagrees at any stage of these proceedings with the designation by the Designating Party of any information as "Confidential," or the designation of any person as a Qualified Person, the Party or other person shall give written notice to the Designating Party. Upon receipt of the written objection, counsel for the Designating Party shall, within fourteen (14) days, provide a written response to the objecting Party explaining the basis for the designation as Confidential Information; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential Information without a Court order. The Parties and any other objecting person(s) shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If the objecting Party or person and the Designating Party cannot resolve their dispute through such meet and confer discussions, the Designating Party,

within fourteen (14) days after serving its response to the objection notification, must file a motion with the Court to continue the designation of the material as Confidential Information. The Designating Party has the burden of establishing that the document is entitled to protection. Provided that the Designating Party makes an application to the Court within the time period set forth above, any material so designated shall remain Confidential Information and shall be subject to all of the restrictions on its disclosure and use set forth in this Order until such time as the Court may determine otherwise.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHER PROTECTED INFORMATION

Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing Party notifies the receiving Party in writing reasonably promptly after it becomes aware of such inadvertent production. The written notice shall identify the inadvertently produced document(s) and describe the basis for requesting the return or destruction of each inadvertently produced document. Any Party that has provided the inadvertently produced documents to any other persons shall retrieve such documents and any copies thereof.

Upon receipt of the written notice, the receiving Party shall promptly comply with the request and return or destroy such documents, except for one copy of the document should the Non-Designating Party seek to contest the claim of privilege, which it may not, pending resolution of any dispute of the validity of the privilege claim, use or disclose for any purpose other than, pursuant to Rule 26(b)(5)(B), "present[ing] the information [or document] to the court under seal for a determination of the [privilege] claim."

If the Parties do not agree that the document is entitled to protection, the Parties shall follow the procedures in the paragraph above for challenging "Confidential" designations. Notwithstanding the foregoing, any Party or individual having inadvertently received information that it knows to be privileged or protected shall, as soon as it is known that the document and information contained therein is privileged and/or protected, (a) promptly notify the other Party of the receipt of what it believes to be inadvertently produced information and (b) shall return, destroy, or sequester all copies of the document(s) pending confirmation by the other Party that the document was inadvertently produced and is privileged or protected. . Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the Parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties. Nothing in this paragraph is intended to diminish the rights and benefits otherwise accorded to a producing Party under Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

## 13. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

If a Party has received Confidential Information and learns that, by inadvertence or otherwise, it has disclosed such Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, such Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Non-Disclosure Agreement" that is attached hereto as Attachment A.

## 14. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a non-party to this action and

designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

### 15. SUBPOENA FOR CONFIDENTIAL INFORMATION

If any Party has obtained Confidential Information under the terms of this Order and receives a request to produce such Confidential Information by subpoena or other compulsory process commanding the production of such Confidential Information, such Party shall promptly notify the producing Party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process), and shall object to the process or subpoena and not produce or disclose the Confidential Information unless compelled by Court Order or the producing Party fails to object to the process or subpoena within seven (7) business days of receiving notice.

### 16. FILING CONFIDENTIAL INFORMATION

In the event that any Party desires to file any Confidential Information, or any document quoting Confidential Information, that Party's filing shall be accompanied by a Motion to Seal in accordance with the requirements set out in Local Rule 5(C), and if the filing is a motion, noticed for hearing on the same day as the motion. It shall be the obligation of the Designating Party to submit the proposed order required under Local Rule 5(C). Each Designating Party shall provide, to the fullest extent possible, redacted versions of its protected material acceptable to it for public filing. The Court shall then determine in accordance with the Local Rule 5 and governing case law, what, if any, portions of the filing shall be filed under seal. Nothing in this provision shall prevent or limit a Party's ability to object to the sealing of any

Confidential Information or filing an opposition to a Motion to Seal.

## 17. NO LIMITATION ON USE OF OWN INFORMATION

Nothing herein shall impose any restriction on the use or disclosure by a Party of its own information or of information that lawfully came into the possession of the Party independent of any disclosure of information in this litigation.

## 18. USE OF CONFIDENTIAL INFORMATION AT ANY PUBLIC HEARING

If any Party intends to use Confidential Information at a hearing in this matter that is open to the public, that Party shall meet and confer with all other affected Parties or non-parties in advance of such hearing to establish reasonable procedures that would allow objections to such disclosure to be made and ruled upon in advance of the Confidential Information being used. The Parties may make recommendations to the Court regarding the handling of confidential materials in a hearing but the judge presiding over the hearing shall determine how those materials will be handled during a hearing.

## 19. USE OF CONFIDENTIAL INFORMATION AT TRIAL

The Parties shall, in conformity with Local Rule 79, disclose any exhibits containing Confidential Information that they intend to introduce at trial, and the Parties shall be prepared at the pretrial conference to discuss how such exhibits shall be used at trial and what protection from disclosure is warranted. The Designating Party shall bear the burden of demonstrating sufficient cause to maintain the confidentiality of specific documents or information through trial. In the event a document containing Confidential Information may be used at trial for the sole purpose of impeachment, the Parties shall address any necessary protection as soon as practicable after the document has been used. The Parties may make recommendations to the Court regarding the handling of confidential materials in a trial but the judge presiding over the hearing shall determine how those materials will be handled during a trial.

20. **ORDER SURVIVES LITIGATION**

This Order shall be binding throughout and after final adjudication of this Action, including, but not limited to, final adjudication of any appeals and petitions for extraordinary writs. Nothing in this Order shall be construed to contradict any provision of law.

21. **FINAL TERMINATION**

Within sixty (60) days after entry of an order, judgment, or decree finally disposing of this Action, including any and all appeals, counsel for each Party shall make reasonable efforts to identify and return all Confidential Information to the Party that produced the information, including any copies, excerpts and summaries thereof, and including any copies provided directly or indirectly to others, or may destroy same with the consent of the producing Party; and shall make reasonable efforts to purge all such information from all machine-readable media on which it resides. In the event any Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, including any copies provided directly or indirectly to others, and that such physical objects and documents have been destroyed to the best of its knowledge.

Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials that contain Confidential Information need not be given to the producing Party nor destroyed, but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information. This paragraph shall not apply to documents filed under

seal in the Court's electronic records.

22.  **MODIFYING THIS ORDER**

Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law or waiver of any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

\_\_\_\_/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date: October 5, 2020

# EXHIBIT A

## CONFIDENTIAL NON-DISCLOSURE AGREEMENT

Case Name: *Brighton Trustees, LLC v. Genworth Life & Annuity Ins. Co.*
*Daubenmier v. Genworth Life & Annuity Ins. Co.*

Case Number: U.S. District Court, Eastern District of Virginia, Richmond Division Case No.: 3:20-CV-240-DJN (Consolidated Action)

1. I,_____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Eastern District of Virginia, Richmond Division, on\_\_\_\_\_ in this matter. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

2. As set forth in the Order, I shall use information that has been designated as confidential solely for the purpose of this litigation, and for no other purpose and no other case. I shall not disclose confidential information except as permitted in the Order.

3. I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of Virginia.

DATED: _____  _____
                                                                            Signature

                                                                       _____
                                                                             Print Name