IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

BRIGHTON TRUSTEES, LLC, *et al.*,
Plaintiffs,

v.  Civil No. 3:20cv240 (DJN)

GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY,
Defendant.

## ORDER
### (Resolving Discovery Dispute)

This matter comes before the Court on the parties' Joint Memorandum Regarding Plaintiffs' 30(b)(6) Deposition Notice to Defendant Genworth Life & Annuity Insurance Company (ECF No. 87), wherein Plaintiff requests an order compelling a Rule 30(b)(6) deposition of Defendant. The Court finds the parties efforts to meet and confer regarding the dispute to be insufficient. Accordingly, the Court hereby ORDERS the parties to further meet and confer to resolve their dispute.

Plaintiff has the right to depose a corporate designee of Defendant under Federal Rule of Civil Procedure 30(b)(6). However, Plaintiff also must "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Moreover, those topics must be within the scope of discovery as set by Rule 26, which permits discovery of material "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Plaintiff has previously deposed Defendant's employees under Fed. R. Civ. P. 30(b)(1). To reduce the need for redundant and duplicative discovery, the Court hereby ORDERS that Defendant may designate this previous discovery as its corporate testimony under Rule 30(b)(6)

for the topics covered by the testimony. Defendant must then designate individuals to testify with regard to the remaining topics. However, Plaintiff must also narrow the deposition topics to stay within the scope of discovery.

In light of the above ruling, the Court hereby ORDERS the parties to further meet and confer to resolve their dispute. Not later than December 17, 2021, the parties must conduct an in-person meet and confer to resolve their disputes regarding the remaining scope of the corporate deposition and who will testify as to the identified topics. If disputes remain following the conference, the parties must file a joint pleading, not to exceed five pages, that identifies the issues still in dispute and an explanation of why that issue has not been previously covered in deposition. If any matters remain after the designation of previous testimony as corporate testimony and the narrowing of the topics, then the deposition must occur not later than December 24, 2021. There will be no further extensions of discovery in this case.

The parties are reminded of Paragraph 6(c) of the Scheduling and Pretrial Order (ECF No. 39), Local Civil Rule 37 and the Court's expectation that the parties resolve any discovery disputes without the need for judicial intervention. Should the parties require further judicial intervention with respect to the Rule 30(b)(6) deposition, then the Court will impose sanctions on any party that it finds did not act in good faith in resolving the dispute.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

David J. Novak
United States District Judge

Richmond, Virginia
Date: December 13, 2021