**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| BRIGHTON TRUSTEES, LLC,<br>AS TRUSTEE, *et al.*,<br>    Plaintiffs,<br><br>      v.<br><br>GENWORTH LIFE AND ANNUITY<br>INSURANCE COMPANY,<br>    Defendant. | Civil No. 3:20cv240 (DJN) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**CLASS ACTION SETTLEMENT**

WHEREAS, Class Counsel has applied for an order preliminarily approving the terms and conditions of the Settlement as set forth in the Settlement Agreement, which is attached as Exhibit 2 to the May 9, 2022 Declaration of Steven Sklaver ("Sklaver Declaration");

WHEREAS, the Settlement requires, among other things, that all Released Claims against Released Parties be settled and compromised; and

WHEREAS, this Court has considered the Settlement Agreement, Class Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and all papers filed in support of the motion and the entire docket in this matter.

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1.    The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2.      Class Counsel has provided the Court with information sufficient to enable it to determine whether to give notice of the proposed settlement to the Class pursuant to Rule 23(e)(1)(A).

3.      The Court certifies the following Settlement Class:

All Owners of Gold and Gold II universal life insurance policies issued, insured, or assumed by GLAIC, or its predecessors or successors, whose COI Rate Scales were changed as a result of the 2019 COI Rate Adjustment.

Specifically excluded from the Class are Class Counsel and their employees; GLAIC, its officers and directors and their immediate family members; the Court, the Court's staff, and their immediate family members; and the heirs, successors or assigns of any of the foregoing. Also excluded from the Class are owners of Gold and Gold II policies that have terminated as a result of the death of the insured on or before March 31, 2022, where the 2019 COI Rate Adjustment did not result in an Incremental COI Deduction before the death of the insured. For purposes of clarification only, the Class also does not include any policies issued by or insured by Genworth Life Insurance Company or its predecessors or successors.

4.      The Court will direct notice, as described below, to Settlement Class Members, and Class Counsel has shown that the Court will likely be able to approve the Settlement under Rule 23(e)(2). *See* Rule 23(e)(1)(B).

5.      The Court preliminarily approves the Settlement as set forth in the Settlement Agreement, including the releases contained therein, and the proposed plan of allocation and distribution described in Exhibit 6 to the Sklaver Declaration, because the Court will likely be able to find that the Settlement is fair, reasonable, and adequate considering the Rule 23(e)(2)(A)-(D) factors and the factors identified in *1988 Trust for Allen Children Dated 8/8/88 v. Banner Life Insurance Co.*, 28 F.4th 513, 525 (4th Cir. 2022).

6.      The Court approves an opt-out period pursuant to Rule 23(e)(4), as described below.

7.      Settlement Class Members retain the right to challenge the fairness, reasonableness, or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment

dismissing the Action against Defendant Genworth Life and Annuity Insurance Company ("GLAIC") and ordering the release of the Released Claims against Released Parties, should not be entered after due and adequate notice to the Class as set forth in the Settlement Agreement and after a hearing on final approval.

8.     The Court appoints JND Legal Administration LLC ("JND"), a competent firm, as the Settlement Administrator. Funds required to pay the Settlement Administrator may be paid from the Settlement Fund as they become due as set forth in the Settlement Agreement.

9.     The Court approves the Notice Plan, as set forth in paragraphs 21-25 of the Sklaver Declaration and paragraphs 9-15 and Exhibits B-C of the May 9, 2022 Declaration of Gina Intrepido-Bowden ("Intrepido-Bowden Declaration"). The form and content of the notices, as well as the manner of dissemination described below, meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.     The Court approves the form and contents of the Short-Form and Long-Form Notices (collective, the "Notices") attached as Exhibits B and C, respectively, to the Intrepido-Bowden Declaration. The proposed form and content of the Notices meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B). The Notices shall be amended prior to mailing to update the placeholders (identified by brackets) currently in the Notices.

11.     GLAIC has already completed production to Class Counsel and JND of Class Members' last known addresses.

12.     Within fourteen (14) days after the entry of this Order (the "Notice Date"), JND shall cause the Short-Form Notice attached as Exhibit B to the aforementioned Intrepido-Bowden Declaration to be mailed, by first-class mail, postage prepaid, to all Class Members. Prior to

mailing, JND will update the addresses using the National Change of Address database. JND will re-mail any Short-Form Notices returned by the U.S. Postal Services with a forwarding address.

13.     JND shall simultaneously cause a copy of the Long-Form Notice attached as Exhibit C to the aforementioned Intrepido-Bowden Declaration to be posted on the website designed for this lawsuit from which Class members may download copies of the Long-Form Notice.

14.     Class Counsel shall file with the Court proof of mailing of the Short-Form Notice and proof of website posting for the Long-Form Notice within seven (7) days of the Notice Date.

15.     Class Members who wish to be excluded from the Settlement Class must send a letter to JND requesting exclusion from the *Brighton Trustees v. Genworth Life & Annuity Insurance Company* class action. A request to opt out must (i) clearly state the Owner's desire to opt out from the Settlement Class; (ii) identify the Policy or Policies to be excluded by policy number; and (iii) be signed by the Owner or by a person providing a valid power of attorney to act on behalf of the Owner. A Class Member with multiple GLAIC policies included in the Class may request to exclude some policies while participating in the Settlement Class with respect to other policies. The exclusion request must be postmarked no later than forty-five (45) days after the Notice Date (the "Exclusion Deadline").

16.     Settlement Class Members will be legally bound by all Court orders and judgments made in this class action and will not be able to maintain a separate lawsuit against GLAIC for the same legal claims that are the subject of this lawsuit.

17.     Proceeds will be mailed within 30 days after the Final Settlement Date.

18.     Within one year plus 30 days after the date the Settlement Administrator mails the first Settlement Fund Payments, any funds remaining in the Settlement Fund shall be redistributed

on a pro rata basis to Settlement Class Members who previously cashed the checks they received, to the extent feasible and practical in light of the costs of administering such subsequent payments, unless the amounts involved are too small to make individual distributions economically viable or other specific reasons exist that would make such further distributions impossible or unfair. All costs associated with the disposition of residual funds — whether through additional distributions to Settlement Class Members and/or through an alternative plan approved by the Court — shall be borne solely by the Settlement Fund.

19.     Settlement Class Members may object to this Settlement by filing a written objection with the Court and serving any such written objection on counsel for the respective Parties (as identified in the Class Notice) no later than 45 calendar days after the Notice Date. The objection must contain: (1) the full name, address, telephone number, email address, if any, of the Settlement Class Member; (2) the Policy number; (3) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (4) copies of any papers, briefs, or other documents upon which the objection is based; (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; and (6) the signature of the Settlement Class Member or his/her/their/its counsel. If an objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, the written objection must also state the identity of all attorneys representing the objecting Settlement Class Member who will appear at the Fairness Hearing. Settlement Class Members who do not timely make their objections as provided in this Paragraph will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

20.     The Court hereby schedules a Final Fairness Hearing to occur on _____, 2022 at _____ a.m./p.m. before the Honorable David J. Novak in the United States

District Court for the Eastern District of Virginia, at the following location:

_____,

to determine whether (i) the proposed Settlement as set forth in the Settlement Agreement, should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23; (ii) an order approving the Settlement Agreement and a Final Judgment should be entered; (iii) an order approving a proposed plan of allocation should be entered; and (iv) the application of Class Counsel for an award of attorneys' fees, expense reimbursements, and incentive awards ("Fee and Expense Request") in this matter should be approved. Class Counsel's motion for an award of attorneys' fees shall not seek more than 33 1/3% of the Final Settlement Fund. For example, if there are no opt-outs, then the Final Settlement Fund is $25 million, and Class Counsel will not seek an award of more than $8,333,333.33 in attorneys' fees. All papers in support of any Fee and Expense Request shall be filed no later than thirty-five (35) days after the entry of this Order. All papers in support of the proposed distribution plan and in support of final approval of the Settlement shall be filed no later than forty-five (45) days before the Final Fairness Hearing. Any reply briefs in support of attorneys' fees, expenses, and service awards shall also be filed no later than 45 days before the Final Fairness Hearing.

21.    In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement and all proceedings had in connection therewith will be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, the Class Members, or GLAIC.

22.    No later than ten (10) days after the Motion for Preliminary Approval of the Class Action Settlement has been filed with the Court, GLAIC will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as

required by 28 U.S.C. § 1715(b). Thereafter, GLAIC will serve any supplemental CAFA Notice as appropriate.

      23.    This Order may be modified by the Court upon motion by either or both parties, for good cause shown.


DATED:                        SO ORDERED.


                                  _____
                                  David J. Novak
                                  UNITED STATES DISTRICT JUDGE