IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

BRIGHTON TRUSTEES, LLC, *et al.*,
    Plaintiffs,

v.                                                                                  Civil No. 3:20cv240 (DJN)

GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY,
    Defendant.

## ORDER
### (Approving Class Action Settlement)

WHEREAS, Plaintiffs and Class Representatives Brighton Trustees, LLC, on behalf of and as trustee for Diamond LS Trust; Bank of Utah, solely as securities intermediary for Diamond LS Trust; and Ronald L. Daubenmier, on behalf of themselves and the certified class, entered into a settlement (the "Settlement") with Defendant Genworth Life & Annuity Insurance Company ("GLAIC");

WHEREAS, on June 3, 2022, the Court entered an Order Preliminarily Approving the Class Action Settlement ("Preliminary Approval Order"). (ECF No. 136.) Among other things, the Preliminary Approval Order authorized Class Counsel to disseminate notice of the Settlement, the fairness hearing, and related matters to the Class;

WHEREAS, on June 17, 2022, the approved short-form notice was mailed to potential Settlement Class Members, a website was established with the approved long-form notice, and a call-in line was established;

WHEREAS, no potential Settlement Class Member objected to the Settlement by the deadline provided for in the Preliminary Approval Order;

WHEREAS, the Settlement requires, among other things, that all Released Claims against Released Parties be settled and compromised;

WHEREAS, this application is uncontested by Defendant GLAIC; and

WHEREAS, this Court has considered Plaintiffs' Motion for Final Approval of Class Action Settlement, supporting declarations, oral argument presented at the fairness hearing, and the complete records and files in this matter.

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1. The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2. The Preliminary Approval Order outlined the form and manner by which Plaintiffs would provide potential Settlement Class Members with notice of the Settlement, the fairness hearing, and related matters. Plaintiffs filed proof that notice complied with the Preliminary Approval Order with the Court. The form and manner of notice is further detailed in the Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement. The notice given to potential Settlement Class Members complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. The Court finds that the Attorney General of the United States and the state attorneys general have received notice of the Settlement Agreement in accordance with the terms of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

4. The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken with the assistance of a mediator and in good faith by counsel with significant experience litigating class actions.

5. The Settlement Class is the class certified by this Court on June 3, 2022 (ECF No. 136), with the exclusion of the policies that timely and validly opted out during the Rule 23(e)(4) opt-out period, as well as policies owned by Class Counsel and their employees; GLAIC; officers and directors of GLAIC, or members of their immediate families; the heirs, successors, or assigns of any of the foregoing; the Court, the Court's staff, and their immediate families.

6. The Settlement is fully and finally approved because its terms are fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Court directs its consummation pursuant to its terms and conditions. In reaching this conclusion, the Court considered the four factors listed in Rule 23(e)(2) and the factors listed in *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158-59 (4th Cir. 1991).

7. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the Settlement, and the result achieved. No objections to the Settlement or the plan of distribution were received or timely filed.

8. The Court reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement as well as any supplemental application for reimbursement of costs or expenses incurred by Class Counsel or the Settlement Administrator on behalf of the Settlement Class.

9. GLAIC shall fund the Settlement Fund Account in accordance with the terms of the Settlement Agreement. The Settlement Fund Account is approved as a Qualified Settlement

Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

10. Neither the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

11. The distribution plan, as described in the Motion for Final Approval of Class Action Settlement and supporting documents, and previously preliminarily approved by the Court, is approved because it is fair, reasonable, and adequate.

12. The parties shall submit a proposed final judgment consistent with the Settlement and this Order within seven (7) days of entry of this Order.

13. This Order shall become effective immediately.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

                                                                     /s/
                                                           David J. Novak
                                                           United States District Judge

Richmond, Virginia
Dated: October 25, 2022